**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **ROBERT M PETERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Cause No. 1:25-cv-00069-HAB-ALT** |
| | ) | |
| **GENERAL MOTORS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On February 23, 2026, Plaintiff filed a motion to transfer this case to the Eastern District

of Michigan and a motion to continue the expert witness disclosure date. (ECF 28). On March

18, 2026, Defendant filed its response in opposition. (ECF 31). Plaintiff did not file a reply and

the time to do so has now passed. *See* N.D. Ind. L.R. 7-3(d)(3). The motions are now ripe for

ruling. For the following reasons, the motion to transfer is DENIED.

### I.    Relevant Facts and Background

On February 19, 2025, Plaintiff Robert M Peters filed his complaint[1] against General

Motors, LLC (GM) alleging claims arising out of the Magnuson-Moss Warranty Act. (ECF 1, 9).

Plaintiff alleges, on or about March 14, 2022, in the Northern District of Indiana, Plaintiff

purchased a new General Motors 2022 Chevrolet Silverado, from Kelley Chevy, LLC for

$59,752.70. (ECF 9 ¶ 6).

However, Plaintiff alleges that after purchase, the truck was defective, and the defects

were discovered within the warranty periods. (ECF 9 ¶ 12). These defects include a defective

steering column, defective transmission, front window leaks, and water leaks from overhead

---

[1] He later filed an amended complaint on July 10, 2025, which is the operative complaint of record. (ECF 9).

microphone. (*Id*.). Plaintiff says he returned the truck to Defendant and warranty service dealers for repairs, and Defendant failed to repair the truck in compliance with the warranties. (*Id*. ¶ 13). At least some of these repairs seem to have also taken place at Kelley Chevy, LLC in the Northern District of Indiana. (ECF 9-1 at 24).

On February 23, 2026, Plaintiff filed a Motion to Transfer this case to the Eastern District of Michigan. (ECF 28). Thereafter, Plaintiff wishes to consolidate this case with *Danny Harrison v. General Motors, LLC*, Case no. 2:21-cv-12927, "an action that involves defects in the General Motors 2022 Chevrolet Silverado 1500LTD L84 5.3 Liter engine and transmission, the type [of] vehicle and vehicle components at issue in this action." (ECF 28 at 2). According to Plaintiff, *Harrison* involves similar consumer fraud and warranty breach claims and discovery, and witnesses will likely overlap. (*Id*.).

Defendant provides that *Harrison* was filed in December 2021 and completed fact discovery on October 30, 2025. (ECF 31 at 4-5) (*Id.*). Expert discovery on class certification for *Harrison* is open until June 11, 2026. (*Id*.). *Harrison* also arises under the Magnuson Moss Warranty Act and the plaintiffs raise claims only pertaining to the valve train components. (ECF 31-2 at 3-7).

Plaintiff is a citizen of Indiana and Defendant is a citizen of Delaware and Michigan. (ECF 9, 14). Defendant also includes documentation indicating its headquarters is located in Detroit, Michigan. (ECF 31-1 at 2).

## II.    Legal Standard

Title 28 U.S.C. §1404(a), provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have

consented." 28 U.S.C. § 1404(a). "Congress enacted the federal change of venue statute … to allow a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Int'l Inc.*, 626 F.3d 973, 977 (7th Cir. 2010).

The moving party bears the burden of establishing that (1) venue is proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *Nicks v. Koch Meat Co.*, 260 F. Supp. 3d 942, 954 (N.D. Ill. 2017) (citing *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986)).

The purpose behind § 1404(a) is to prevent "unnecessary inconvenience and expense to parties, witnesses, and the public." *Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 26 (1960)); *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ("[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense[.]'"). However, district courts are granted discretion in deciding whether transfer is appropriate. *Rsch. Automation, Inc.,* 626 F.3d at 977. "The statute permits a 'flexible and individualized analysis' and affords district courts the opportunity to look beyond a narrow or rigid set of considerations in their determinations." *Id.* at 978 (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

### III.    Analysis

Plaintiff must establish that (1) venue is proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and is in the interest of justice. *Nicks*, 260 F. Supp. 3d at 954 (citing *Coffey*, 796 F.2d at 219-20).

A.  *Venue is proper in the transferor district, the Northern District of Indiana.*

First, venue is proper in the transferor district, the Northern District of Indiana. "[A] civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]" 28 U.S.C. § 1391(b)(2); *Nicks*, 260 F. Supp. 3d at 952. "[T]he test is not whether a majority of the activities pertaining to the case were performed in a particular district, but whether a substantial portion of the activities giving rise to the claim occurred in a particular district." *Nicks*, 260 F. Supp. 3d at 952 (citation and quotation mark omitted).

In this case Plaintiff alleges he purchased a new General Motors 2022 Chevrolet Silverado at Kelley Chevy, LLC located in the Northern District of Indiana. (ECF 9 ¶ 6). Plaintiff alleges the vehicle was defective and has returned the vehicle to Defendant and its service dealers on multiple occasions for repairs. (*Id*. ¶ 13). These repairs also allegedly took place in the Northern District of Indiana. (ECF 9-1 at 10). This certainly clears the bar for a substantial portion of the activities giving rise to the claim occurring in this district. Further, venue in this district is not particularly disputed given Plaintiff's complaint states venue is proper (ECF 9 ¶ 6), and Defendant's opposition to the motion to transfer does not argue venue is improper in the Northern District of Indiana and seeks for the case to remain here. (ECF 31 at 2-5). Given these considerations, venue is proper in the Northern District of Indiana, the transferor district.

B.  *Venue and jurisdiction would be proper in the transferee district, the Eastern District of Michigan.*

Now we turn to whether venue and jurisdiction would be proper in the transferee district, the Eastern District of Michigan. There is certainly jurisdiction in the Eastern District of

4

Michigan given this case involves a federal question and arises out of the Magnuson-Moss Warranty Act. (ECF 9 ¶ 3). Nor does Defendant argue this is not the case. (ECF 31 at 3-5).

However, Defendant contests that venue would not be proper in the Eastern District of Michigan. Plaintiff argues that GM has its principal place of business in Michigan, and so venue in the Eastern District of Michigan would have been proper had this action been initially brought there. (ECF 28 at 4); 28 U.S.C. § 1391(b)(1) (action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"). It is true that Defendant has its principal place of business in Michigan and is domiciled in Michigan. (ECF 14). Defendant takes issue with Plaintiff's statement of venue in his complaint where he alleged venue was proper in the Northern District of Indiana and that "there is no other district where the suit may be brought[,]" (ECF 9 ¶ 4), asserting "Plaintiff cannot have it both ways." (ECF 31 at 4).

Whatever contentions Plaintiff made in his complaint, venue would be proper in the Eastern District of Michigan. As Plaintiff cited in his motion to transfer, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located[.]" 28 U.S.C. § 1391(b)(1). The sole defendant in this case is GM and GM is domiciled in Michigan. Defendant also includes documentation indicating its headquarters is located in Detroit which is in the Eastern District of Michigan. (ECF 31-1 at 2). Given the Eastern District of Michigan is a judicial district in which the sole defendant resides, venue is proper in the transferee jurisdiction and this second element is met.

C. *The transfer will not serve the convenience of the parties and witnesses and is not in the interest of justice.*

The question remains will the transfer serve the convenience of the parties and witnesses, and will it be in the interest of justice? *See Nicks*, 260 F. Supp. 3d at 954. In making this

determination courts examine private and public interests. *Id.*; *Rsch. Automation, Inc.*, 626 F.3d at 978.

> Private interests include: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. Factors traditionally considered in the public interest analysis, also known as the "interest of justice" factors, include the congestions of the respective court dockets, prospects for a speedy trial, and the courts' familiarity with the applicable law.

*Nicks*, 260 F. Supp. 3d at 955 (internal citations omitted); *see Rsch. Automation, Inc.*, 626 F.3d at 978.

### 1. Private Interests

#### a. Plaintiff's choice of forum

Beginning with private interests, Plaintiff's choice of forum is not especially relevant. Courts give substantial deference to a plaintiff's choice of forum, especially when it's their home forum. *Nalco Co. v. Env't Mgmt., Inc.*, 694 F. Supp. 2d 994, 998 (N.D. Ill. 2010). However, when "the plaintiff's chosen forum is not the plaintiff's home forum or has relatively weak connections with the operative facts giving rise to the litigation," deference is lessened. *Nicks*, 260 F. Supp. 3d at 955 (citation omitted). In this case, Plaintiff wishes to transfer out of his home forum. Thus, this factor is neutral in balancing private interests.

#### b. Situs of the material events

Next, the situs of the events is characterized differently by the parties. Plaintiff argues that the Eastern District of Michigan is situs of the material events because Plaintiff claims involve GM's strategic decisions involving engine design, marketing, and vehicle sales. (ECF 28 at 5). Defendant argues the Northern District of Indiana is the proper situs because Plaintiff purchased his vehicle in Indiana and the repairs on it were conducted in Indiana. (ECF 31 at 4).

Courts in the Seventh Circuit have grappled with this situs issue in cases involving vehicles and the Magnuson-Moss Warranty Act. *See, e.g.*, *Simpson v. Thor Motor Coach*, No. 3:19-CV-33-PPS-MGG, 2019 WL 2206092, at *5 (N.D. Ind. May 22, 2019); *Doman v. Heartland Recreational Vehicles, LLC,* No. 3:23-CV-218-CCB-SJF, 2024 WL 4286194, at *7 (N.D. Ind. Sept. 25, 2024). For instance, in *Simpson,* an RV was designed, assembled, manufactured, and distributed in Indiana, but was sold and repaired in Colorado and Utah. 2019 WL 2206092, at *5. The court reasoned that because the case dealt with warranties and their enforcement, the material events involved the sale and repairs of the RV, pointing to Colorado and Utah. *Id*. However, the court also reasoned that the design and manufacture of the RV could be implicated in analyzing the plaintiff's warranty claims making Indiana also a situs of material events. *Id*. Given material events occurred in multiple forums, the court found the situs factor did not clearly favor any of the mentioned forums. *Id.*

The same is true here. As a case arising out of the Magnuson-Moss Warranty Act, material facts occurred in Indiana because the truck was sold and repaired in Indiana, and thus the warranties were enforced in Indiana. However, material facts also occurred in Michigan because engine design, marketing, and vehicle sales, which are also relevant to the claim, occurred in Michigan. Defendant does not argue otherwise. With material events in both forums, the situs element is also neutral.

   c. <u>Relative ease of access to sources of proof</u>

Turning to ease of access to sources of proof, presumably, the truck, other physical evidence associated with repairs, and witnesses are located in Indiana. Plaintiff has not identified evidence which would be more accessible if the litigation were in Michigan. Although there are likely documents located in Michigan which may be relevant to Plaintiff's claim, "where records

are actually stored is less of a factor because documents now are easily scanned, stored, and electronically transmitted and moving them no longer creates the onerous burden it may once have imposed." *Johnson v. Ford Motor Co.*, No. 1:23-CV-14027, 2024 WL 1328829, at *6 (N.D. Ill. Mar. 28, 2024) (citations and brackets omitted). This factor weighs slightly in favor of Indiana and against transfer.

### d. Convenience to the witnesses and parties

Lastly, we turn to the convenience to the witnesses and parties. The convenience of the parties is neutral here because the Indiana Plaintiff would like to transfer the case to Michigan and the Michigan Defendant would like the case to remain in Indiana. Considering the preferences of the parties, a decision either way would not create an inconvenience.

In terms of the convenience of the witnesses, this factor weighs in favor of Indiana. "The convenience of witnesses is often considered the most important factor in the convenience analysis, and courts consider everything from the number of witnesses to their willingness to appear." *Simpson*, 2019 WL 2206092, at *6 (citation omitted). However, "courts typically presume that witnesses who are parties' employees and paid experts will appear voluntarily and therefore are less concerned about the burden that appearing at trial might impose on them." *Id*. (citation and brackets omitted). As a result, it is proper to give little to no consideration to the convenience of the parties' employees or their paid expert witnesses. *Id.*; *see also Nicks*, 260 F. Supp. 3d at 957. Outside of parties, party employees, or expert witness, likely witnesses in this case include dealership sales representatives and technicians. These people are located in Indiana. Plaintiff does not address this point in his brief, but without discussion, Indiana seems clearly more convenient for the witnesses who will invariably become involved in this case. As

such, this factor weights against transfer to Michigan. Overall, the private interest factors weight against transfer and in favor of Indiana.

### 2. Public Interests

"Factors traditionally considered in the public interest analysis, also known as the 'interest of justice' factors, include the congestions of the respective court dockets, prospects for a speedy trial, and the courts' familiarity with the applicable law." *Nicks,* 260 F. Supp. 3d at 958 (citation omitted). Another interest of justice includes trying related litigation together. *Williams v. State Farm Mut. Auto. Ins. Co.,* 678 F. Supp. 3d 980, 1005 (N.D. Ill. 2023). In weighing these factors, the Court should protect the public interest in "conserving scarce judicial resources by efficient administration of the court system." *Id.* (citation and quotation marks omitted). To allow "two cases involving precisely the same issues . . . pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Id.* (citations omitted). "Related litigation should be transferred to a forum where consolidation is feasible." *Coffey,* 796 F.2d at 221 (footnote omitted).

Plaintiff argues that this litigation would be more efficient in Michigan consolidated with the *Harrison* case. (ECF 28 at 5). According to Plaintiff, *Harrison* involves similar consumer fraud and warranty breach claims and discovery, and witnesses will likely overlap. (*Id.*). Plaintiff says the public will be well-served by avoiding duplicative litigation. (*Id.*).

Defendant argues that because the two cases are in different stages of litigation and raise different issues, interests of justice would not be served by the transfer. (ECF 31 at 4-5). Defendant references that *Harrison* was filed in December 2021 and completed fact discovery on October 30, 2025, and is thus further along than this case which was filed in February 2025. (*Id.*;

*see* ECF 1). However, expert discovery on class certification for *Harrison* is open until June 11, 2026. (ECF 31 at 4-5).

Additionally, Defendant contends that the testimony or documents which would be relevant to the defects Plaintiff alleges were not at issue in *Harrison*. (*Id.*). If consolidated, the discovery and litigation scope of *Harrison* would need to be broadened, and the case schedule changed. (*Id.*).

Defendant's latter argument is persuasive. Although Plaintiff may technically be a possible plaintiff to join *Harrison* as an owner of a particular vehicle, doing so would not prevent waste of time, energy, and money as intended by § 1404(a). *See Williams*, 678 F. Supp. 3d at 1005. Resources are conserved where motion practice and discovery, and ultimately, resolution of overlapping claims based on similar facts, are done once by one court. *See id.* Although both cases arise under the Magnuson Moss Warranty Act and involve the same or similar vehicles, the issues in the two cases are totally different. In *Harrison*, the plaintiffs only raise claims pertaining to the valve train components. (ECF 31-2 at 3-7). In this case, Plaintiff does not raise a claim about the valve train components, but instead about the defective steering column, defective transmission, front window leaks, and water leaks from overhead microphone. (ECF 9 at 4). If this case were to be consolidated with *Harrison*, the parties would still need to conduct discovery on Plaintiff's alleged defects. Thus, there would still be two discovery processes; one for the valve train components and one for all of Plaintiff's alleged defects. There would likely be different expert witnesses and documentation to speak to the different defects. Although there may be some minimal overlapping discovery, the courts will ultimately decide the cases based on very different facts and transfer to consolidate with *Harrison* would not conserve judicial resources.

The other factors to consider, "congestions of the respective court dockets, prospects for a speedy trial, and the courts' familiarity with the applicable law," also do not weigh in favor of transfer. *See Nicks*, 260 F. Supp. 3d at 958 (citation omitted). The parties do not discuss the congestion of this docket or the Eastern District of Michigan's in their briefs, and this Court has no reason to think the two dockets operate substantially differently. The prospects of a speedy trial are also similar between the two districts. As discussed, because *Harrison* is so different, even with transfer, a full discovery process will still need to occur in either district. Transfer will not likely garner a speedier trial than here in the Northern District of Indiana. Lastly, as a federal question case, the two districts are equally familiar with the relevant law, and there is no reason to think transfer will serve the interest of justice on this factor. Thus, the public interest or interest of justice factors do not weigh in favor of transfer.

Both the private and public interest factors do not weigh in favor of transfer to the Eastern District of Michigan. Plaintiff has not met his burden of proof that transfer is proper.

## IV.    Conclusion

For these reasons, Plaintiff's motion to transfer (ECF 28) is DENIED.

Separately, the Court shall set a telephonic status conference to discuss Plaintiff's request to reset deadlines.

SO ORDERED.

Entered this 15th day of April 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge

11